GILBERT P. SMITH *v.* JAMES A. WEBB.

Whether one possesses information *superior* to that of another, in regard to the subject matter of a contract, is a question of *fact,* and not of *law.*

CIVIL ACTION, tried before *Russell, J.,* at December Special Term 1870, of NEW HANOVER Court.

The plaintiff had purchased of the defendant, some five hundred shares of stock in the Wilmington Manufacturing

Company. The defendant, a citizen of New Jersey, was at the time President of the Company, and the plaintiff, a young man of twenty-three years of age, a resident of New Jersey. Before purchasing, the plaintiff had examined the books and machinery of the Company, and was satisfied with their condition. At that very time, as it turned out, the Company was insolvent.

His Honor left it to the jury, to find whether the plaintiff had been careless in making the purchase, stating that if he had been, he could not recover. It having been suggested that the defendant possessed information in regard to the subject matter of the contract, that was *superior* to that of the plaintiff; his Honor also left that question to the jury, saying that if that were so, they should find for the plaintiff.

Verdict, and Judgment for the defendant. Appeal by the plaintiff.

*London,* for the appellant.

The question whether one of two parties to a contract possesses *superior information,* is an incident to the more comprehensive question of *reasonable diligence,* which is conceded to be a question of *law.* It is, therefore, itself a question of *law: Beavan* v. *Byrd,* 3 Jon. 398. See *Fields* v. *Rouse,* 3 Jon. 72.

*Strange, contra,* cited *McFarland* v. *Newman,* 9 Watts 57, and *Brittain* v. *Israel,* 3 Hawks, 225.

READE, J. The allegation was, that the defendant had deceived and defrauded the plaintiff by misrepresentations, and that he was enabled to do so by reason of superior and exclusive information, which he possessed in regard to the subject matter of the contract. There was conflicting evidence.

His Honor charged the jury, that if the defendant had deceived the plaintiff by false representations, and was enabled to do so by superior and exclusive information of the subject matter, the plaintiff was entitled to recover; and the jury found for the defendant.

The plaintiff excepted, upon the ground, that whether the defendant had such superior and exclusive information, was not a question of fact for the jury, but a question of law, for the Court. This is the only question presented in the case. It was pressed with considerable zeal by the learned counsel, because, as we suppose, of the large amount involved; but really there seems to us to be no foundation for the exception, and it cannot be made plainer by discussion.

Whether one party has superior and exclusive information of the subject matter of a contract, and is thereby enabled to deceive, and does deceive the other, is purely a question of fact. It may be that the jury found against the weight of the evidence in this case, but we cannot consider that.

There is no error.

PER CURIAM.　　　　　　　　　　　Judgment affirmed.